UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRENDA STEWART, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-CV-0698-B |
| | § | |
| TROPEX LOGISTICS INC. and | § | |
| RONALD CAYO, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a Motion for Partial Summary Judgment (Doc. 22) filed by Defendants

Tropex Logistics Inc. ("Tropex") and Ronald Cayo. For the following reasons, the Court **GRANTS**

the Motion.

**I.**

**BACKGROUND**

This is a vehicle-negligence action. Plaintiff Brenda Stewart brings suit against Cayo, a semi-

truck driver, and Cayo's employer, Tropex, for injuries allegedly sustained in a car accident.

Cayo has worked as a semi-truck driver for over 18 years. *See* Doc. 24, Mot. App., Cayo Dep.,

26:14. He obtained a commercial driver's license ("CDL") in 2006 after attending and completing a

commercial driving program. *See id.* at 16:6-25. Tropex hired Cayo as a driver in 2017. *See* Doc. 23,

Mot. Br. ¶ 7. As of that time, Cayo had apparently never been in an accident. *See* Doc. 24, Mot.

App., Ex. 2, at 9 (Cayo's job application); *id.*, Ex. 5, at 28 (Georgia motor vehicle report issued in

July 2016). And until the incident at issue here, Cayo remained accident-free while employed with

Tropex. *See id.*, Cayo Dep., 72:18-19. Throughout his career, Cayo has apparently never received a

moving violation. *Id.* at 26:16-18.

One day in April 2024, Cayo was driving a Tropex semi-truck in Dallas County, Texas. Doc. 23, Mot. Br. ¶ 5. Cayo had stopped at an intersection and was preparing to turn right. *Id.* ¶ 6. At that time, Stewart was in her vehicle behind Cayo and was also preparing to turn right. *See id.*; Doc. 34, Resp. Br., 1. While the parties disagree over precisely what happened next, both vehicles then simultaneously attempted to make the right turn, resulting in a collision. *See* Doc. 23, Mot. Br. ¶ 6; Doc. 34, Resp. Br., 1. According to Stewart, Cayo had not engaged his turn signal and made a wide right turn from the wrong lane just as she attempted the turn from the right turn lane. *See* Doc. 34, Resp. Br., 1. According to Defendants, Cayo was in the proper lane with his turn signal activated, and just as Cayo began to make the right turn, Stewart—not paying attention—suddenly pulled her vehicle to Cayo's right (into Cayo's blind spot) and attempted to also make a right turn. *See* Doc. 23, Mot. Br. ¶ 6.

Stewart brought the present suit in February 2025. *See generally* Doc. 1-4, Pet. She asserts one direct negligence claim against Cayo and several direct negligence claims against Tropex—including negligent entrustment, negligent hiring and retention, and negligent training and supervision. *Id.* at 3-4. She also brings one claim of gross negligence against Tropex and seeks to hold Tropex vicariously liable for Cayo's alleged negligence. *Id.*

Defendants filed their Motion for Partial Summary Judgment in December 2025. By their Motion, Defendants seek summary judgment on Stewart's direct and gross negligence claims against Tropex. Doc. 23, Mot. Br. ¶ 1. Defendants do not, at this stage, challenge Stewart's direct negligence claim against Cayo and acknowledge that Tropex would be vicariously liable for any finding of negligence against Cayo at trial. *See id.* ¶ 27.

The Court considers the Motion below.

## II.

## LEGAL STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotation marks omitted). On a motion for summary judgment, the movant has the burden to prove that no genuine dispute exists as to a material fact. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). To determine whether a genuine dispute exists for trial, the court must view all of the evidence in the light most favorable to the non-movant. *See Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 371-72 (5th Cir. 2002).

When the nonmovant would bear the burden of proof on an issue at trial, the movant can secure summary judgment "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325. For such a "no-evidence" motion, the movant does not have to raise evidence to "negate the elements of the nonmovant's case." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017) (emphasis and citation omitted). It need only assert an "absence of facts supporting the elements" of the plaintiff's theory of recovery. *Id.* (citation omitted). The non-moving party with the burden of proof at trial must then "identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (citation omitted). The non-moving party's proffered evidence "must be

sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial." *Id.* (citations omitted).[1]

Finally, the evidence that any party proffers "must be competent and admissible at trial." *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (citation omitted).

### III.

### ANALYSIS

The Court first evaluates Stewart's direct negligence claims against Tropex: negligent entrustment, negligent hiring, negligent training, and negligent supervision. Because Stewart failed to identify evidence in support of essential elements of each direct negligence claim, the Court grants summary judgment for Defendants on those claims. The Court then addresses Stewart's gross negligence claim. Because Stewart fails to maintain any direct negligence claims against Tropex, her gross negligence claim likewise fails, and the Court also grants summary judgment for Defendants on that claim.

A.  *Stewart Fails to Identify Evidence to Support Her Negligent Entrustment and Hiring Claims.*

Under Texas law, a claim of negligent entrustment requires a plaintiff to show that (1) the defendant "entrusted the vehicle to" the driver; (2) the driver "was an unlicensed, incompetent, or reckless driver"; (3) the defendant "knew or should have known that [the driver] was an unlicensed, incompetent, or reckless driver" at the time of the entrustment; (4) the driver "was negligent on the occasion in question"; and (5) the driver's "negligence proximately caused the accident." *Goodyear*

---

[1] Stewart contends that such "no-evidence" summary judgment motions are "not recognized by federal law." *See* Doc. 34, Resp. Br., 2. She cites several dated district court decisions for this proposition. *See id.* at 3 (citing *Trautmann v. Cogema Mining, Inc.*, No. CIV.A. 5:04-CV-117, 2007 WL 1577652, at *2 (S.D. Tex. May 30, 2007) (other citations omitted). Stewart's view here, and her authorities, have been repeatedly and squarely rejected in this Circuit. *See Austin*, 864 F.3d at 335 (explaining that the plaintiff's argument that "federal law does not allow for 'no evidence' summary judgment motions" was mistaken) (citations omitted).

*Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 758 (Tex. 2007) (citation omitted). Similarly, a negligent hiring or retention claim requires a plaintiff to "show that the defendant created an unreasonable risk of harm to others by hiring someone it knew, or by the exercise of reasonable care should have known, was incompetent or unfit." *Mejia-Rosa v. John Moore Servs., Inc.*, No. 01-17-00955-CV, 2019 WL 3330972, at *10 (Tex. App.—Houston [1st Dist.] July 25, 2019, no pet.) (citation omitted). "An employer is not negligent when there is nothing in the employee's background that would cause a reasonable employer not to hire or retain the employee." *Id.* at *10-11 (citation omitted). Although the respective claims label the element differently, both negligent entrustment and negligent hiring claims require pointing to the same sort of evidence that the employee exhibited unfitness for the task in the past. *See id.* at 11. As a result, for both claims, a non-moving plaintiff cannot survive summary judgment if they cannot raise enough evidence to create a dispute of material fact that the driver was "unlicensed, reckless, or incompetent" before the accident and that the employer knew or should have known it. *See id.*

Stewart does not meet her burden. She instead asks the Court to assume that, although "Cayo did not report any crashes or violations when he applied to Tropex," this "does not mean that there were none." Doc. 34, Resp. Br., 4-5. Attempting to improperly shift her burden, Stewart contends that "*Defendants*' evidence does not prove that [Cayo] was *not* an incompetent or reckless driver." *See id.* at 5 (emphases added). Stewart cites a report by her own expert, who noted that Tropex's employment file on Cayo appeared incomplete. *Id.* at 6. From this *absence* of documentation alone, Stewart would have the Court assume that Tropex may not have conducted proper background checks or done controlled substance or alcohol testing. *Id.* at 6-7. Stewart cannot avoid her burden and demand instead that Tropex prove a negative. As the party with the burden

of proof at trial, Stewart must, when challenged on summary judgment, present specific evidence that raises a material dispute as to each element of the causes of action she asserts. *See Johnson*, 379 F.3d at 301 (citation omitted). Stewart does not produce any evidence that Cayo was unlicensed, reckless, or incompetent. To the contrary, Stewart acknowledges that Cayo did not report a single moving violation or prior collision when he applied to Tropex and that Cayo's 2016 motor vehicle report reflected a clean driving record. *See* Doc. 34, Resp. Br., 4-5. Because Stewart does not identify specific evidence to support her negligent entrustment or hiring claims, the Court **GRANTS** summary judgment for Tropex on both claims.

B.   *Stewart Fails to Identify Evidence to Support Her Negligent Training and Supervision Claims.*

Under Texas law, a claim for negligent training requires the plaintiff to show that "a reasonably prudent employer would have provided training beyond that which was given and that failure to do so caused his injuries." *Dangerfield v. Ormsby*, 264 S.W.3d 904, 912 (Tex. App.—Fort Worth 2008, no pet.) (citation omitted). A claim for negligent supervision similarly requires a plaintiff to show "that an employer's failure to supervise its employees caused his injuries." *Id.* However, "Texas courts have continually upheld the legal principle that an employer has *no duty* to warn, instruct, or train an employee already experienced with respect to the work assigned." *Mendoza v. PGT Trucking Inc.*, No. 1:18-CV-432-LY-ML, 2020 WL 1902562, at *4 (W.D. Tex. Jan. 27, 2020) (collecting cases), *report and recommendation adopted*, No. 1:18-CV-432-LY, 2020 WL 1902574 (W.D. Tex. Feb. 24, 2020). Both state and federal courts in Texas have applied this principle to employees with pre-existing experience driving large trucks. *See, e.g., id.* at *4; *James v. Dasilva Transp., Inc.*, No. 4:19-CV-592, 2021 WL 863772, at *6 (S.D. Tex. Feb. 5, 2021) (confirming principle stated in *Mendoza* applies "even in the context of tractor-trailer drivers" (internal quotation marks and citation

omitted)), *report and recommendation adopted*, 2021 WL 861450 (S.D. Tex. Mar. 8, 2021); *cf. Allen v. A & T Transp. Co., Inc.*, 79 S.W.3d 65, 71 (Tex. App.—Texarkana 2002, pet. denied) (finding no duty to warn existed where the employee was a licensed truck driver with nine years of experience driving large tanker trucks).

Tropex had no duty to train Cayo initially and no duty to supervise him more closely once on the job. Cayo is a professional, licensed semi-truck driver with over 18 years of experience. *See* Doc. 23, Mot. Br. ¶ 7. At the time of his deposition in 2025, Cayo had never received a moving violation. Doc. 24, Mot. App., Cayo Dep., 26:16-18. And until the accident at issue in this case, Cayo testified that he had never been in an accident. *Id.* at 72:18-19. Stewart does not present any evidence to rebut these facts. Thus, the evidence before the Court suggests that Cayo was an experienced, capable driver in his line of work before and during his employment with Tropex, including up to the time of the collision with Stewart. *See Mendoza*, 2020 WL 1902562, at *4 & n.8 (finding driver with four years of experience when he started working for the defendant was "an experienced commercial driver").

Nevertheless, seeking to create a factual dispute to preclude summary judgment on her negligent training and supervision claims, Stewart produces segments of the deposition of Mr. Maurice Osinde, a Tropex employee responsible for overseeing safety training and driver qualification. Doc. 47, Sur-Reply, 2, 6. Specifically, Stewart points to Osinde's ostensibly incorrect understanding of how semi-truck drivers should properly make right turns. *See id.* at 2-5. Stewart then extrapolates that Osinde's incorrect understanding of "industry standards" is evidence that Cayo could have received improper training on safe turns. *See id.* at 5. But, as Stewart acknowledges, Osinde does not "do individual trainings" with drivers on safe turns. *Id.* at 6. Moreover, Cayo's road-

test checklist specifically indicates that when tested, Cayo *properly* conducted a right turn in the method identified by Stewart's counsel as being correct. *See id.* at 2-6. Therefore, Osinde's deposition does not give any reason for the Court to believe Cayo was not an experienced commercial driver. And Osinde's alleged misunderstandings of industry standards do not call Cayo's experience or training into question—especially where Osinde expressly did not train Cayo on right turns and where there is evidence that Cayo successfully performed a right turn under the "proper" standard during his evaluation.

In sum, Stewart does not present a genuine factual dispute as to Cayo's qualifications or experience and fails to cite any authority that would impose a duty on Tropex to train or supervise an already experienced semi-truck driver on the basics of his profession. Because Stewart does not identify specific evidence to support her negligent training or supervision claims, the Court **GRANTS** summary judgment for Tropex on those claims.

C.  *Stewart Cannot Sustain Her Gross Negligence Claim Without a Successful Negligence Claim.*

A gross negligence claim is a type of negligence claim which has the additional, requisite element that the defendant act with both objective and subjective awareness of an extreme degree of risk. *U–Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012). Because a gross negligence claim shares all of the elements of an ordinary negligence claim, a plaintiff cannot sustain a gross negligence claim if she cannot also sustain an ordinary negligence claim. *See Odem v. Deloitte & Touche, LLP*, No. 04-09-00747-CV, 2011 WL 381721, at *5 (Tex. App.—San Antonio Feb. 2, 2011, pet. denied) ("[I]t is axiomatic that without a successful negligence claim in the first instance there can be no claim for gross negligence.") (citing *Sanders v. Herold*, 217 S.W.3d 11, 20 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (holding that "one's conduct cannot be grossly negligent without

being negligent")) (other citation omitted). Because Stewart fails to maintain her direct negligence claims against Tropex, her gross negligence claim—which relies on those same allegations of negligence—also fails. The Court **GRANTS** summary judgment for Tropex on Stewart's gross negligence claim.

## IV.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion for Partial Summary Judgment (Doc. 22). Stewart will take nothing on her direct and gross negligence claims asserted against Tropex.

**SO ORDERED.**

**SIGNED: March 26, 2026.**

_____
JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE